IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-06-127-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| ROBERT LYNN BIG LEGGINS, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Big Leggins of violating his conditions of supervised release by (1) submitting a urine sample that tested positive for marijuana; (2) failing to report for substance abuse testing; and (3) failing to report for substance abuse treatment. Mr. Big Leggins admitted to the violations. Mr. Big Leggin's supervised release should be revoked. He should be sentenced to twelve months and one day in custody, with no supervised release to follow.

## II. Status

In March 2007, Mr. Big Leggins pleaded guilty to Assault Resulting in Serious Bodily Injury. (Doc. 19.) United States District Court Judge Sam E. Haddon sentenced Mr. Big Leggins to 63 months in custody and 36 months of supervised release. (Doc. 23.)

On January 20, 2015, Mr. Big Leggins supervised release was revoked because he violated his conditions by consuming methamphetamine, failing to notify his probation officer within 72 hours of law enforcement contact, consuming alcohol, and failing to participate in substance abuse testing. United States District Court Judge Brian Morris sentenced Mr. Big Leggins to five months in custody and 24 months of supervised release. (Doc. 36.) Mr. Big Leggins's next term of term of supervised release began on May 15, 2015.

On September 24, 2015, The district court revoked Mr. Big Leggins's supervised release because Mr. Big Leggins failed to participate in and complete a program of substance abuse treatment; failed to participate in substance abuse testing; failed to participate in a program for mental health treatment; consumed marijuana and possessed drug paraphernalia, marijuana, and methamphetamine. The Court sentenced Mr. Big Leggins to eight months in custody with twelve months of supervised release to follow. His current term of supervised release began on April 29, 2016.

**Petition**

On September 26, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Big Leggins's supervised release. (Doc. 52.) Based on the petition, Judge Morris issued a warrant for Mr. Big Leggins's arrest. (Doc. 53.) The Probation Office accused Mr. Big Leggins of violating his conditions of supervised release by: (1) submitting a urine sample that tested positive for marijuana; (2) failing to report for substance abuse testing; and (3) failing to report for substance abuse treatment. (Doc. 52.)

**Initial appearance**

On October 11, 2016, Mr. Big Leggins appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Big Leggins said he had read the petition and understood the allegations. Mr. Big Leggins waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On November 1, 2016, Mr. Big Leggins appeared with Mr. Arvanetes before the undersigned for a revocation hearing. Mr. Starnes appeared on behalf of the United States. Mr. Big Leggins admitted that he violated the conditions of his

supervised release. The violations are serious and warrant revocation of Mr. Big Leggins's supervised release.

Mr. Big Leggins's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 23 months, less any custody time imposed. The United States Sentencing Guidelines call for 6 to 12 months in custody.

Mr. Arvanetes acknowledged that these are serious breaches of the Court's trust and requested a sentence of six months, with no supervised release to follow. Mr. Starnes argued for a longer custodial sentence with no supervised release to follow. Mr. Big Leggins exercised his right of allocution. He was apologetic to the Court and said he understood his actions breached the Court's trust.

### III.  Analysis

Mr. Big Leggins's supervised release should be revoked because he admitted violating its conditions. Mr. Big Leggins should be sentenced to twelve months and one day in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Mr. Big Leggins was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Big Leggins's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Big Leggins's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Robert Lynn Big Leggins violated the conditions of his supervised release by (1) submitting a urine sample that tested positive for marijuana; (2) failing to report for substance abuse testing; and (3) failing to report for substance abuse treatment. .

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Big Leggins's supervised release and committing Mr. Big Leggins to the custody of the United States Bureau of Prisons for twelve months and one day, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of November 2016.

_____
John Johnston
United States Magistrate Judge